UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| RITA JOYCE COMPTON | ) | |
| | ) | |
| v. | ) | No. 2:09-CV-56 |
| | ) | |
| EASTMAN CREDIT UNION | ) | |

## MEMORANDUM OPINION AND ORDER

The Defendant Eastman Credit Union ("ECU") has filed a motion for summary judgment, [Doc. 43]. ECU raises several arguments as to why it is entitled to summary judgment. These arguments include: (1) the plaintiff has failed to establish a *prima facie* case of age and gender discrimination; (2) the defendant has articulated a legitimate, non-discriminatory reason for terminating the plaintiff's employment; (3) the plaintiff cannot establish pretext; and (4) the plaintiff cannot support her retaliation theory. The plaintiff responded, and the matter is ripe for review. The plaintiff concedes that she cannot support a theory of retaliation. Therefore, such claim is **DISMISSED**. For the following reasons, the motion is **GRANTED** in respect to the Title VII gender discrimination claim and the ADEA claim.

## I. FACTS

The parties agree on the following facts. ECU hired the plaintiff on May 1, 2000. She worked for ECU until her termination on November 23, 2005. During her

employment she received good evaluations, some promotions and increases in pay.

While working in 2004, she learned that one of ECU's members, Dewey Shaffer, began an affair with plaintiff's neighbor. One of Mr. Shaffer's neighbors gave his unlisted telephone number to the plaintiff. She did not retrieve this information from ECU's records. The plaintiff used that number to contact Mr. Shaffer's wife and inform her of the affair. When she spoke with Mrs. Shaffer, she identified herself as an ECU employee. Also, the plaintiff provided the telephone number to her sister. In addition, the plaintiff accessed Mr. Shaffer's account to discern when he would come in to conduct business at ECU.

Mr. Shaffer complained to Debra Bridwell, a Vice President at ECU, in November 2005. During this same time frame, an ECU employee called the ECU hotline and reported a potential timesheet falsification by the plaintiff. As a result of Mr. Shaffer's complaint, Ms. Bridwell met with the plaintiff to discuss the issue regarding Mr. Shaffer. Plaintiff did not deny any of the allegations in regards to Mr. Shaffer's complaint.

Days later, on November 22, 2005, the plaintiff met again with Ms. Bridwell and Larry Fannon. At this meeting they discussed the timesheet falsification allegation. She was advised that a Disciplinary Review Committee ("DRC") would convene, and she could participate if she wished. The committee met that afternoon,

and the plaintiff attended part of the meeting. She informed the committee that she would not cease calling Mr. Shaffer. She only conceded that she would not make any calls to him from ECU.

The DRC decided to terminate her employment. Plaintiff returned to ECU the next day on November 23, 2005, and she was told of the committee's decision. The plaintiff alleges that she was replaced by co-worker, Amanda Hobbs. Ms. Hobbs was born on May 4, 1975. She further alleges that the DRC knew her age on the day it decided to terminate her employment.[1]

The defendant argues that the plaintiff's actions in regards to Mr. Shaffer "clearly violated ECU's expectation that member information would be kept confidential, that an employee would not act in a way as to create the appearance that confidentiality had been breached, nor would an employee conduct herself in such a way as to cast a questionable shadow on ECU." *See* [Doc. 43-5, pages 300-305].

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R.

---

[1]This Court will not consider the plaintiff's allegation that ECU employee Bridget Light used ECU's records to retrieve a member's telephone number in order to contact the member's wife and report to her on the conduct of her husband because it has been stricken. *See* [Doc. 56].

Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800 (6th Cir. 2000). This Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If this Court concludes that a fair-minded jury could not return a verdict in favor of

the non-moving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. *Id.* Merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment. *Id.* A genuine issue for trial is not established by evidence that is "merely colorable," or by factual disputes that are irrelevant or unnecessary. *Id.* at 248-52.

## III. ANALYSIS

The plaintiff bears the burden of establishing a *prima facie* case of discrimination under the ADEA and Title VII. She can meet this burden by proving that (1) she was a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position; and (4) she was replaced by someone outside of her protected class or that other similarly situated employees outside of her protected class were treated better. *See Mitchell v. Toledo Hospital*, 964 F.2d 577, 582-83 (6th Cir. 1992) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S.

792, 793 (1973)).

First, regarding the Title VII gender discrimination claim, the plaintiff has failed to allege that she was replaced by a male employee, i.e. someone outside of her class. She also fails to allege that a male, similarly-situated employee was treated differently. As such, she has failed to establish a *prima facie* case of gender discrimination. Accordingly, the defendant's motion for summary judgment as to this claim is **GRANTED**.

Second, regarding the ADEA claim, the plaintiff seems to be proceeding under the first method for proving the fourth element, i.e. that she was replaced by a younger individual, Ms. Hobbs.[2] The defendant does not dispute this element of the *prima facie* showing in it's Reply. *See* [Doc. 53]. Instead, ECU reiterates it's argument that the plaintiff has failed to meet the third element that she was qualified for the position because she violated ECU's polies. ECU mainly relies upon a Seventh Circuit case to support its argument. The Court declines to resolve that issue.

The Court will assume, *arguendo*, that the plaintiff has established a *prima facie* case. Thus, the burden shifts to the defendant employer to set forth "some legitimate non-discriminatory reason for the employee's discharge." *Cooley v. Carmike*

---

[2]The plaintiff asserted in her affidavit that Brenda Light, a younger employee, was treated differently. However, this assertion was hearsay and has been stricken. [Doc. 56].

-6-

*Cinemas, Inc.*, 25 F.3d 1325, 1329 (6th Cir. 1994); *see also Phelps v. Yale Security, Inc.*, 986 F.2d 1020, 1024 (6th Cir. 1993). The Court FINDS that ECU has set forth a legitimate non-discriminatory reason for its termination of the plaintiff, that is, that the plaintiff was discharged for violating its policies.

Accordingly, the burden shifts back to the plaintiff to prove that the legitimate reason proffered by the defendant was merely a pretext for discrimination. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142 (2000). In order to make out a case for pretext, the plaintiff employee must show:

> Either (1) that the proffered reasons had no basis *in fact*, (2) that the proffered reasons did not *actually* motivate his discharge, or (3) that they were *insufficient* to motivate discharge.

*Manzer v. Diamond Shamrock Chemicals Co.*, 29 F. 3d 1078, 1084 (6th Cir. 1994) (quoting *McNabola v Chicago Transit Authority*, 10 F. 3d 501, 513 (7th Cir. 1993)).

The plaintiff has failed to set forth material proof that the defendant's legitimate non-discriminatory reason is pretextual. The only evidence offered by the plaintiff regarding pretext is a situation regarding ECU employee Brenda Light. However, the United States Magistrate Judge found this to be hearsay, and it was stricken from the record, [Doc. 56]. In addition, the plaintiff insisted that she would not cease to contact ECU member Mr. Shaffer about the affair. ECU claims this violated their policies, and the plaintiff has offered no supportable discriminatory reason for the termination.

-7-

As such, the defendant's motion in regard to the ADEA claim is **GRANTED**.

## IV. CONCLUSION

For the reasons set forth above, the defendant's motion for summary judgment is **GRANTED** as to all counts. Accordingly, the plaintiff's case is hereby **DISMISSED**.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
